**GREENBERG TRAURIG, LLP**
Valerie W. Ho (SBN 200505)
*Valerie.Ho@gtlaw.com*
Adam M. Korn (SBN 333270)
*Adam.Korn@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.: 310.586.7700 Fax: 310.586.7800

Attorneys for Plaintiff Forward Financing LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| FORWARD FINANCING LLC,<br><br>Plaintiff,<br><br>v.<br><br>FORWARD FUNDING GROUP, INC.; FUNDING FIRST GROUP, INC.; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:25-CV-10639<br><br>**COMPLAINT FOR:**<br><br>**1. Trademark Infringement, 15 U.S.C. § 1114**<br>**2. False Association and False Designation of Origin, 15 U.S.C. § 1125(a)**<br>**3. Cybersquatting, 15 U.S.C. § 1125(d)**<br>**4. Common Law Trademark Infringement, False Association, and Unfair Competition**<br>**5. Unfair Competition, California Business & Professions Code § 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

715995605

Plaintiff Forward Financing LLC ("Forward Financing" or "Plaintiff"), by and through its counsel, brings this action against Defendants Forward Funding Group, Inc. ("Forward Funding") and Funding First Group Inc. ("Funding First") (collectively, "Forward Funding" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. Forward Financing owns the FORWARD FINANCING brand, trade name, and marks in connection with financing services. Forward Financing has been forced to bring this action for an injunction, damages, and other appropriate relief arising from Defendants' advertising, marketing, offering for sale, and/or sale of financing services under the confusingly similar name, FORWARD FUNDING, to consumers, including those in this District. Defendants' motivation is clear—to trade on the reputation and goodwill that Forward Financing has built to provide small business financing for over a decade and falsely associate its financial services with Forward Financing's services.

2. By using a similar trade name, marks and domain, Defendants have caused actual consumer confusion and will likely continue to cause confusion that Forward Financing is the source or sponsor of Defendants' services, or that there is an association between Plaintiff Forward Financing and Defendants. Consequently, Plaintiff Forward Financing seeks injunctive relief and damages under the federal and state law.

## PARTIES

3. Plaintiff Forward Financing LLC is a Delaware company with its principal place of business in Boston, Massachusetts.

4. On information and belief, Defendant Forward Funding Group, Inc. is a corporation incorporated and existing under the laws of the state of California with its principal place of business at 4695 MacArthur Ct., Ste. 1102, Newport Beach, CA 92660. On information and belief, on its own or in association with others, Forward Funding currently owns, operates, does business as the websites https://myforwardsavings.com/ and https://forwardfunding.com/ that advertise, market, offer for sale, and/or sell financing services (the "Infringing Websites").

715995605

1

5. On information and belief, Defendant Funding First Group Inc. is an affiliated entity of Defendant Forward Funding and also has a principal place of business at 4695 MacArthur Ct., Ste. 1102, Newport Beach, CA 92660. On information and belief, Defendant Funding First owns, operates, does business as the website https://fundingfirst.com/, to which potential and actual business derived from using Plaintiff's marks is also directed.

6. On information and belief, Forward Financing alleges that Defendants Does 1-10 (the "Does") are unknown persons, firms, entities, or corporations that, directly or indirectly, jointly or severally, willfully undertook, performed, participated in, or engaged in various illegal, unauthorized, and wrongful actions as set forth herein on behalf of or in conspiracy with Defendants against Forward Financing and/or the public, should be enjoined from engaging in such actions, and are liable to Forward Financing for damages. The Does' true identities, locations, and residences are currently unknown to Forward Financing, and Forward Financing will update the Complaint in this action with the true names of Does as they become known.

7. On information and belief, each Defendant acts as the agent of the other Defendants, with approval and consent of the other Defendants, in connection with the conduct alleged herein.

## JURISDICTION AND VENUE

8. This action arises under the Lanham Act, 15 U.S.C. § 1114 and § 1125(a). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1119 and 1125. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant Forward Funding because it is a California corporation with a principal place of business in this Judicial District. The Court also has personal jurisdiction over Forward Funding because, upon information and belief, it has purposefully directed unlawful activity at this State, including by ownership and operation of the Infringing Websites within this Judicial District, and because the effects

715995605

of those acts have been felt in this District.

10. This Court has personal jurisdiction over Defendant Funding First because it has a principal place of business in this Judicial District. The Court also has personal jurisdiction over Funding First because, upon information and belief, it has purposefully directed unlawful activity at this State, including by ownership and operation of the website https://fundingfirst.com/ within this Judicial District, and because the effects of those infringing acts have been felt in this District.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b), because Defendants reside in this Judicial District and a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this District.

## FORWARD FINANCING AND ITS WELL-KNOWN BRAND, MARKS AND WEBSITE

12. Forward Financing was founded in Boston, Massachusetts in 2012. Since then, Forward Financing has become a well-known funding services brand that has provided over $4 billion in revenue-based financing to small businesses nationwide. Forward Financing operates offices in Boston, Massachusetts and Santiago, Dominican Republic and caters to small businesses in the United States and the Dominican Republic.

13. Forward Financing operates its business, its website https://www.forwardfinancing.com/, and provides financing to small businesses under various marks, which are federally registered, valid and subsisting, including the following:

(a) the standard character mark FORWARD FINANCING (the "FORWARD FINANCING Mark"), U.S. Registration No. 4,707,590;

(b) the following design mark:



715995605

U.S. Registration No. 6,177,985;

    (c)  the following design mark:



U.S. Registration No. 7,112,430;

    (d)  the following design mark:



U.S. Registration No. 7,112,458

    (e)  the standard character mark FORWARD (the "FORWARD Mark"), U.S. Registration No. 7,799,662 (collectively, the "FORWARD FINANCING Marks").

14.    Plaintiff Forward Financing offers, and since its inception has offered, the aforementioned funding services under the FORWARD FINANCING Marks and trade name.

## DEFENDANTS' INFRINGING ACTIVITIES

15.    Subsequent to the FORWARD FINANCING Marks acquiring widespread consumer recognition, Defendants fraudulently acquired and used internet domains https://forwardfunding.com/ and https://myforwardsavings.com/ (the "Infringing Domain Names") that incorporate the FORWARD FINANCING Marks or are confusingly similar to the FORWARD FINANCING Marks. On information and belief, Defendants were well-aware of and intended to capitalize on Forward Financing's reputation and goodwill when

715995605

they acquired and/or used the Infringing Domain Names.

16. Defendants are using "Forward," "Forward Funding," "Forward Funding Group, Inc.," and confusingly similar logos with a right facing arrow (collectively, the "Infringing Marks") to operate their lending business and on the Infringing Websites, including but not limited to the URLs with the Infringing Domain Names.

17. Defendants utilize the Infringing Marks in commerce, including on Defendants' Infringing Websites (https://myforwardsavings.com/ and https://forwardfunding.com/) and social media accounts. Indeed, the Infringing Marks are displayed on the home page of the Infringing Websites.

18. Defendants' Infringing Marks incorporate the word "FORWARD" as their dominant and primary component, which is identical to the dominant and primary component of Plaintiff's FORWARD FINANCING Marks. Defendants' emphasis on "Forward" is reflected in their logos on the Infringing Websites, which also copied Plaintiff's right facing arrow design and are therefore confusingly similar to Plaintiff's logos.

19. Defendants also operate an Instagram page, @forwardfunding, that appropriates and capitalizes on Plaintiff's FORWARD FINANCING Marks and trade name.[1] Defendants also have a LinkedIn page that appropriates and capitalizes on Plaintiff's FORWARD FINANCING Marks and trade name[2] (collectively, the "Infringing Social Media Pages").

---

[1] *Forward Funding,* INSTAGRAM.COM https://www.instagram.com/forwardfunding/
[2] *Forward Funding,* LINKEDIN.COM https://www.linkedin.com/company/forward-funding-llc/

715995605

20. On information and belief, Defendants were well-aware of the existence and strength of Plaintiff's FORWARD FINANCING Marks and the goodwill associated with Plaintiff's brand and intended to capitalize on Forward Financing's goodwill when they acquired, established and/or used the Infringing Social Media Pages and Infringing Websites.

21. Notwithstanding that knowledge, and indeed because of that knowledge, Defendants improperly used, and continue to improperly use, the Infringing Marks without Plaintiff's express permission, consent, and authorization.

22. Defendants' repeated and unauthorized use of the Infringing Marks violate Plaintiff's trademark rights by, *inter alia*, creating confusion in the marketplace and encroaching upon Plaintiff's exclusive rights to Plaintiff's FORWARD FINANCING Marks and trade name.

23. Not surprisingly, consumers and the public are confused and misled into believing Defendants are affiliated with or sponsored by Forward Financing. In an example shown below, *Forward Financing* received a Better Business Bureau ("BBB") complaint a consumer had filed complaining about *Forward Funding's* business practices. A true and accurate copy of the BBB Complaint is attached hereto as **Exhibit 1.**

**Customer's Statement of the Problem:**

I was under the impression that this company Forward Funding would assist me in making reasonable payments to resolve my loan. I have tried to call numerous times no answer. This company is a fraud. I am in the process of changing my bank account information. I would advise people to stay away from these sharks.

24. In another example, an attorney approached a Forward Financing employee at a trade conference to introduce himself as having handled a case for Forward Financing. The lawyer, in fact, had handled the case for Forward Funding and mistakenly thought the Forward Financing employee worked for Forward Funding when he saw the Forward Financing company name.

25. In late July 2025, two Forward Financing employees had received mail from Forward Funding inviting them to apply for a loan, and the Forward Financing employees

believed the marketing mail was from Forward Financing.

26. On or about July 11, 2024, Forward Financing, through counsel, sent a letter to Defendants, advising them of Forward Financing's rights in the FORWARD FINANCING Marks and Defendants' infringement thereof, and demanding that Defendants, *inter alia,* cease and desist from infringing the FORWARD FINANCING Marks by completely removing the component "FORWARD" from their brand identity, including their corporate name, domain names, and all branding.

27. On or about August 15, 2024, Defendants, through counsel, represented that Forward Funding would change its name and complete its rebranding by November 3, 2024. That did not happen.

28. On or about March 24, 2025, Defendants, through counsel, stated that Forward Funding was making progress on the name change, that they were "finalizing the new website" and "they promise they are close to making the transition." That promise turned out to be false.

29. On or about April 8, 2025, Defendants, through counsel, stated that they "received word this week that [Defendants] have completed the new website and in process on transitioning."

30. However, on or about April 23, 2025, Defendants, through counsel, advised counsel for Forward Financing via email that Forward Funding "has a new website and is directing all new mailers to that site" but that the "old site is still up as old mailers direct them to that site."

31. Even after counsel for Forward Financing repeatedly told Defendants' counsel that Defendants had to shut down the Infringing Websites and cited instances of actual consumer confusion, the Infringing Websites are still up and, on information and belief, Defendants are still deriving business from those websites.

32. Forward Funding's continued and improper use of the Infringing Marks is willful. Defendants intentionally have been dragging their feet for a year so they could continue to benefit from the goodwill associated with Plaintiff's Marks.

33. Forward Financing has been damaged by Defendants' acts of infringement, and Defendants' wrongful conduct is irreparably damaging the goodwill associated with the FORWARD FINANCING Marks that Forward Financing has spent an enormous amount of time, money and resources to develop and protect for over a decade.

34. Defendants' use of the Infringing Marks is designed to and is likely to cause confusion and mistake, to deceive customers and prospective customers as to the origin or sponsorship of Defendants' services, and to cause them to falsely believe that Forward Funding's services are the services of Forward Financing, or are sponsored, licensed, authorized, or approved by Forward Financing, all to the detriment of Forward Financing, the trade, and the public.

## FIRST CLAIM FOR RELIEF

## (Trademark Infringement, 15 U.S.C. § 1114)

## (Against All Defendants)

35. Forward Financing realleges and incorporates herein the allegations set forth in the preceding paragraphs of this Complaint.

36. Forward Financing possesses federally registered, valid and enforceable rights in the FORWARD FINANCING Marks in connection with all of the goods and services at issue in this case by virtue of its extensive use, promotion, and advertisement of the FORWARD FINANCING Marks in the United States, and by widespread recognition by a substantial percentage of consumers in the relevant market, and has possessed such rights at all times material hereto.

37. Defendants' unauthorized use of the Infringing Marks in connection with their distribution, sale, offering for sale, marketing, and advertising of similar financial services, including on the Infringing Websites and Infringing Social Media Pages, constitutes a use in commerce that is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval by Forward Financing of Defendants' goods, services, or commercial activities, thereby enabling Defendants to benefit unfairly from Forward Financing's reputation, goodwill, and success.

8

38. Defendants' actions complained of herein thus constitutes infringement of the FORWARD FINANCING Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Defendants' actions complained of herein have been and continue to be intentional, willful, and made in bad faith.

40. Forward Financing has sustained and is likely to sustain damages as a direct and proximate result of Defendants' actions complained of herein.

41. Defendants' actions have caused and—unless enjoined by this Court—will continue to cause irreparable injury to Forward Financing for which Forward Financing has no adequate remedy at law. Forward Financing is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendants from use of the FORWARD FINANCING Marks or any other mark that is confusingly similar thereto.

42. This is an exceptional case for which Forward Financing seeks an award of treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (False Association and False Designation of Origin, 15 U.S.C. § 1125(a))

### (Against All Defendants)

43. Forward Financing realleges and incorporates herein the allegations set forth in the preceding paragraphs of this Complaint.

44. Forward Financing owns and uses, and has at all material times used, the FORWARD FINANCING Marks in connection with financial services provided by Forward Financing.

45. Defendants' unauthorized use of confusingly similar marks in connection with their distribution, sale, offering for sale, marketing, and advertising of similar financial services, including on the Infringing Websites and Infringing Social Media Pages, constitutes a use in commerce that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and their services with Plaintiff and its services, thereby enabling Defendants to benefit unfairly from Forward

Financing's reputation, goodwill, and success.

46. Defendants' actions complained of herein thus constitutes false association, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendants' actions complained of herein have been and continue to be intentional, willful, and made in bad faith.

48. Forward Financing has sustained and is likely to sustain damages as a direct and proximate result of Defendants' actions complained of herein.

49. Defendants' actions have caused and—unless enjoined by this Court—will continue to cause irreparable injury to Forward Financing for which Forward Financing has no adequate remedy at law. Forward Financing is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendants from use of the FORWARD FINANCING Marks or any other mark that is confusingly similar thereto.

50. This is an exceptional case for which Forward Financing seeks an award of treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### (Cybersquatting, 15 U.S.C. § 1125(d))
### (Against All Defendants)

51. Forward Financing realleges and incorporates herein the allegations set forth in the preceding paragraphs of this Complaint.

52. The FORWARD FINANCING Marks were distinctive or famous at the time Defendants procured the Infringing Domain Names.

53. Notwithstanding the reputation and goodwill represented by the FORWARD FINANCING Marks and, on information and belief, precisely because of said awareness, Defendants willfully began using in commerce the Infringing Domain Names with a bad faith intent to profit from the FORWARD FINANCING Marks.

54. The Infringing Domain Names are confusingly similar to the FORWARD FINANCING Marks.

10

715995605

55. Defendants do not have rights or legitimate interests in the Infringing Domain Names.

56. Defendants intentionally procured confusingly similar domain names in order to benefit from the goodwill associated with Plaintiff's Marks and to divert business to themselves using Plaintiff's Marks or marks that are confusingly similar to Plaintiff's Marks.

57. Defendants' acts as alleged herein violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

58. Defendants' registration and continued use of the Infringing Domain Names has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Forward Financing and its brand, reputation, and goodwill.

59. Defendants' continued use of the Infringing Domain Names has caused and will continue to cause Plaintiff to suffer monetary damages in an amount to be determined at trial.

60. This is an exceptional case for which Forward Financing seeks an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement, False Association, and Unfair Competition)

### (Against All Defendants)

61. Forward Financing realleges and incorporates herein the allegations set forth in the preceding paragraphs of this Complaint.

62. Defendants' aforesaid conduct constitutes common law trademark infringement, false association, and unfair competition under the common law of the State of California.

63. Defendants have unfairly and intentionally used the Infringing Marks, which are confusingly similar to the FORWARD FINANCING Marks, to misrepresent their products, services, and/or content as originating from or being associated with, sponsored

11

by, affiliated with, or approved by Forward Financing.

64. Defendants have engaged in such unfair and improper conduct to trade off of, and benefit from, Forward Financing's reputation and goodwill in the FORWARD FINANCING Marks.

65. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Forward Financing.

66. Forward Financing has no adequate remedy at law.

67. Defendants' conduct is oppressive, fraudulent, and malicious, entitling Forward Financing to an award of punitive damages.

### FIFTH CLAIM FOR RELIEF
### (Unfair Competition, California Business & Professions Code §§ 17200 *et seq.*)
### (Against All Defendants)

68. Forward Financing realleges and incorporates herein the allegations set forth in the preceding paragraphs of this Complaint.

69. Defendants' actions described above, and specifically, without limitation, Defendants' use of the FORWARD FINANCING Marks and/or confusingly similar marks in commerce, including on the Infringing Websites, constitute trademark infringement, false designation of origin, and unfair competition in violation of the laws of the State of California.

70. As alleged above, Defendants' actions constitute trademark infringement, unfair competition, false association, and false designation of origin. Accordingly, Defendants' actions also violate the "unlawful" prong of California's Unfair Competition Law or "UCL" codified at Business and Professions Code §§ 17200, *et seq*.

71. Defendants' actions as alleged above also violate the "unfair" prong of the UCL because any utility of Defendants' conduct is outweighed by the gravity of the harm it causes to Forward Financing and consumers, and the injury such conduct causes is one that Forward Financing and/or consumers cannot reasonably avoid. Defendants' conduct also has an actual and/or threatened impact on competition and violates legislative declared

12

715995605

policy against trademark infringement and false designation of origin, and stifles competition by providing Defendants with a competitive advantage over competitors who follow the law.

72. Forward Financing has suffered injury-in-fact and has lost money and/or property as a result of Defendants' unlawful, fraudulent, and unfair conduct in violation of the UCL.

73. Pursuant to California Business and Professions Code § 17203, Forward Financing seeks a court order enjoining Defendants from continuing to engage in conduct that violates the UCL as alleged above. Forward Financing also seeks restitutionary disgorgement from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Forward Financing requests judgment in favor of Forward Financing and against Defendants as follows:

1. A judgment that Defendants have infringed Forward Financing's rights in and to the FORWARD FINANCING Marks;

2. A judgment that Defendants have committed acts of false association, false designation of origin, and unfair competition;

3. A preliminary and permanent injunction enjoining Defendants, and their officers, directors, employees, agents, affiliates, successors, assigns, licensees, and entities owned or controlled by Defendants, and all those in privity or acting in concert with Defendants, and each of them, who receives notice directly or otherwise of such injunction from advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise using in commerce in any manner the FORWARD FINANCING Marks, or any marks, trade names or logos that are confusingly similar to the FORWARD FINANCING Marks, on or in connection with any of Defendants' products or services, and from using, displaying or otherwise exploiting the Infringing Websites, Infringing Domain Names and Infringing Social Media Pages.

4. An Order directing Defendants, and any and all persons controlled by or acting in concert with Defendants, to shut down and discontinue the Infringing Websites and Infringing Social Media Pages and deliver up to Forward Financing for destruction any products and/or content infringing the FORWARD FINANCING Marks, and any and all advertising and promotional materials and any other materials that infringe any of the FORWARD FINANCING Marks or other rights, or bear any marks or incorporate any works that are confusingly or substantially similar to the FORWARD FINANCING Marks;

5. An Order directing Defendants to file with the Court and serve upon Forward Financing, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint;

6. An accounting and disgorgement of Defendants' profits, gains, and advantages realized from its use of the FORWARD FINANCING Marks and/or confusingly similar marks, as described herein, including a reconciliation of all purchases and sales of services through the Infringing Websites with documents relating to all such purchases and sales;

7. An Order that Defendants pay Forward Financing its actual damages, plus the amount of Defendants' profits attributable to the conduct alleged herein pursuant to 15 U.S.C. § 1117(a) and other applicable law;

8. An Order that Defendants pay Forward Financing treble damages in the amount of three (3) times Defendants' profits or damages sustained by Forward Financing, whichever is greater, pursuant to 15 U.S.C. § 1117(b);

9. An Order that Defendants pay Forward Financing statutory damages for cyberpiracy in the amount of $100,000 or such other amounts as necessary or appropriate, as authorized by 17 U.S.C. § 1117(d);

715995605

10. An Order that Defendants pay Forward Financing damages, including punitive damages, to be proven at trial for common law trademark infringement and unfair competition;

11. An Order directing Defendants, or the applicable domain name registrar or registry if Defendants cannot or refuse to comply, to transfer the Infringing Domains to Forward Financing;

12. An Order finding this case exceptional under 15 U.S.C. § 1117 and ordering each of the Defendants to pay Forward Financing its reasonable attorneys' fees incurred in this action;

13. An award of pre-judgment and post-judgment interest and costs as fixed by the Court; and

14. Such other and further relief as this Court may deem is just and proper.

DATED: November 5, 2025              GREENBERG TRAURIG, LLP

                                     By:  */s/ Valerie W. Ho*
                                          *Valerie W. Ho*
                                          *Attorneys for Plaintiff Forward Financing LLC*

715995605

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Forward Financing LLC hereby demands a trial by jury as to all claims triable by jury in this action.

DATED: November 5, 2025          GREENBERG TRAURIG, LLP

By:   */s/ Valerie W. Ho*
      *Valerie W. Ho*
      *Attorneys for Plaintiff Forward Financing LLC*

715995605